IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALTON LEVON SURLES,                          )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )       CASE NO. 3:18-CV-599-WKW
                                             )       [WO]
LEE COUNTY CIRCUIT COURTS,                   )
*et al.*,                                    )
                                             )
          Defendants.                        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Alton Surles, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, files this 42 U.S.C. § 1983 action alleging a violation of his constitutional rights regarding his criminal proceedings before the Circuit Court for Lee County, Alabama.  Surles requests injunctive relief and names as defendants the Lee County Circuit Courts, District Attorney Brandon Hughes, Detective Nicholas Helms, attorney Andrew Stanley, and Assistant District Attorney Jessica Ventiere.  Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Surles sought leave to proceed *in forma pauperis*. Doc. 2.  The court granted *in forma pauperis* status. Doc. 3.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I.  DISCUSSION

### A.     Lee County Circuit Court

Surles names the Lee County Circuit Court as a defendant, but courts are not persons within the meaning of 42 U.S.C. § 1983. *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  The dismissal of Surles' complaint against the Lee County Circuit Court is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### B.     The State Prosecutors

"[A] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (holding that, in a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation,  prosecution and punishment in a criminal case] is 'absolute'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all

conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of a criminal case. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430–31).  Further, this immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978).

Surles' challenge to the actions of District Attorney Hughes and Assistant District Attorney Ventiere in initiating and prosecuting criminal charges against him arise from these defendants' roles "as [] 'advocate[s]' for the state," and these actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted).   For this reason, Defendants Hughes and Ventiere are entitled to absolute immunity from damages for this conduct. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.   Further, Surles is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state-court proceedings related to his criminal proceedings before the Circuit Court for Lee County, Alabama. *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486–87 (1983); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).   Surles' claims against these defendants are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## C.     Defendant Andrew Stanley, Esq.

Surles brings suit against his attorney, Andrew Stanley, challenging counsel's performance regarding matters arising from Surles' criminal proceedings before the Circuit

Court for Lee County.  However, an essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Manuf.*, 526 U.S. at 50.  An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  The complaint against Stanley is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. 319, 327 (1989).

**D.    The Pending Charges**

To the extent Surles seeks the dismissal of criminal charges pending against him, this court must refrain from issuing that relief.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id.* at 44–45.  "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37).  *Younger*, therefore, directs federal

4

courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under limited circumstances. *Younger*, 401 U.S. at 43–45.  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.  The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).  Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the elements for *Younger* abstention is present here.  First, Surles is awaiting trial on criminal charges before the Circuit Court of Lee County, Alabama.  Second, enforcement of the law is an important state interest.  Finally, Surles may raise his claims in the pending state-court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, by petitioning the Alabama Court of Criminal Appeals for review of any adverse decision.  In addition, if Surles is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  Although exceptions to *Younger* abstention are permitted

where (1) irreparable injury because of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Surles presents no credible basis for invoking these exceptions.  The mere fact that Surles must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").  Surles' conclusory allegations of insufficient evidence to arrest him do not establish the bad faith or harassment that would justify the extraordinary declaratory relief he seeks from this court—summary dismissal of the criminal charges pending against him. Finally, there is no evidence that the state laws under which Surles has been charged violate the Constitution, nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Surles' claims that question the validity of the pending criminal charges because these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43–44.  Consequently, to the extent Surles requests declaratory or injunctive relief requiring the dismissal of the pending criminal charges, equity, comity, and federalism concerns require the court to abstain from considering these claims.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Plaintiff's 42 U.S.C. § 1983 claims against Defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.     Plaintiff's request for injunctive relief be DISMISSED without prejudice under the *Younger* abstention doctrine so Plaintiff may pursue his claims in the state courts; and

3.     This case be DISMISSED prior to service of process.

It is further ORDERED that **on or before July 23, 2018**, Plaintiff may file an objection to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 9th day of July, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE